ROCK v. CARPENTER et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. BROKERS—ACTIONS FOR BREACH OF INSTRUCTIONS—RATIFICATION OF BREACH —EFFECT.

There can be no recovery from a broker for breach of instructions to sell stock at a certain price, where plaintiff admits subsequent payments of margin and interest, and a complete ratification of the alleged breach is also shown by the accounts and correspondence between the parties.

2. APPEAL—ISSUES OF FACT—VERDICT ON CONFLICTING EVIDENCE—CONCLU-
SIVENESS.

Where issues of fact are determined by the jury on conflicting evi-
dence, the findings cannot be disturbed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Er-
ror, §§ 3935-3937.]

3. SAME—DISPOSITION—MODIFICATION—ELIMINATION OF RECOVERY ON IMPROP-
ER GROUND.

Where the verdict of the jury is in part made up of a sum fixed by
the court as the amount to which plaintiff would be entitled under a cer-
tain cause of action, on which there should have been no recovery, that
sum should be eliminated, and the judgment correspondingly reduced.

Appeal from City Court of New York, Trial Term.

Action by Roslyn Rock against Joseph N. Carpenter and others.
From a judgment for plaintiff, defendants appeal. Modified and af-
firmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
GREENBAUM, JJ.

Milton Mayer, for appellants.

House, Grossman & Vorhaus (Louis J. Vorhaus and Joseph Fisch-
er, of counsel), for respondent.

GREENBAUM, J. Assuming that defendants in September, 1906,
omitted to follow plaintiff's instructions to sell at 146 the Pennsyl-
vania Railroad stock which they held as brokers for her, the evidence
conclusively establishes, both from plaintiff's own testimony that sub-
sequent payments were made by her for margin and interest and
from the accounts and correspondence that passed between them, a
complete ratification of defendant's alleged breach. Under these cir-
cumstances, it seems to me unnecessary to dwell upon the question of
election, which the defendants raised at the close of plaintiff's, and
again at the close of the entire, case, as it is clear that plaintiff in no
event was entitled to any recovery under the first alleged cause of
action.

The issues presented under the second cause of action were purely
of fact, and, the jury having found in favor of the plaintiff upon the
conflicting proofs of the parties, no reason exists for disturbing the
verdict in this regard. The verdict of the jury being in part unques-
tionably made up of the sum of $300 fixed by the court as the amount
to which plaintiff would be entitled under the first cause of action,
that sum will be eliminated, and the judgment reduced to $954.28.

Judgment will be modified accordingly, and, as modified, affirmed,
without costs of appeal to either party. All concur.